IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Criminal No. 09-279
)
GREGORY J. PODLUCKY, )
)
Defendant. )

O R D E R

AND NOW, this 24th day of October, 2011, the Court hereby makes the following findings regarding restitution in the above-captioned case:

Defendant pled guilty to one count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, at Criminal No. 09-279, one count of income tax evasion, in violation of 26 U.S.C. § 7201, at Criminal No. 09-278, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), at Criminal No. 11-37. On October 20, 2011, he was sentenced at all three counts, and, at the sentencing hearing, the Court advised the parties that it would issue written findings and a written order regarding restitution as to Criminal No. 09-279.

In regard to restitution, the government presented two spreadsheets setting forth numerous victims to the defendant's offense at CR09-279 and their respective loss amounts. The defendant challenges only the inclusion of Wachovia Bank, N.A.

1

("Wachovia") as a victim and argues that the claim of $258,837,115.19 should be deducted from the restitution amount. He argues that the government's evidence as to the victims and loss amounts is based almost entirely on claims made in the related LeNature's, Inc. bankruptcy proceedings. He asserts that Wachovia not only withdrew its bankruptcy claim, it agreed to pay $38,000,000.00 to the bankruptcy trustee as settlement of claims by the trustee against Wachovia. He argues that, absent a bankruptcy claim, the government has no evidence as to whether Wachovia is a victim and, if so, what its loss was.

However, the defendant's argument does not take into account that Wachovia was not acting solely in its own capacity in regard to the $258,837,115.19 claim, but rather, as the administrative agent for a lending syndicate involved in a September 1, 2006 credit instrument. Accordingly, not all of the $258,837,115.19 claim involves losses claimed by Wachovia. The government presented credible evidence that Wachovia did not withdraw the entire claim, but only its portion of the claim, $23,200,000.00, by way of an October 17, 2011 letter from Robert W. Fuller, who represented Wachovia in the bankruptcy settlement. See Govt. Ex. 2. The settlement agreement provided by the defendant seems to corroborate this, as it states that "the Wachovia Parties, *on behalf of themselves (but not on behalf of other lenders who were participants in or signatories to the Credit Agreement)*," are

2

withdrawing all bankruptcy claims. See Deft. Ex. A at 5 (emphasis added).

Nonetheless, Wachovia has indeed withdrawn its own claim and settled bankruptcy claims pending against it. This makes it unclear whether Wachovia itself was a victim and, if so, what losses it incurred. Although the government has presented other evidence it claims supports a finding that Wachovia is a victim, this evidence is insufficient to establish the precise nature of Wachovia's relationship to the defendant's fraudulent scheme or its losses. Simply put, in the absence of Wachovia's claim, the Court cannot determine what, if any, losses Wachovia suffered as a result of the defendant's criminal behavior. Therefore, the Court finds that no restitution will be ordered in regard to Wachovia's $23,200,000.00 claim. As to the other members of the syndicate, though, there is no evidence rebutting the government's showing as to their status as victims and as to their losses.

Accordingly, the Court finds that the government has proved, by a preponderance of the evidence, that the victims set forth in exhibits 1 and 2 hereto did indeed suffer compensable losses in the amounts set forth, with the exception that the loss for the syndicate to which Wachovia is the administrative agent suffered a compensable loss of $235,637,115.19.[1] The total loss is,

---

[1] Since Wachovia is still functioning as the administrative agent, payments to the syndicate shall still be made to Wachovia

therefore, $661,324,329.81. Any argument by the defendant that restitution should be reduced based on settlement of claims of victims in the bankruptcy proceedings is without merit.[2] As the Court explained in its tentative findings and rulings, restitution can be reduced based on the value of any part of the property that is returned. See 18 U.S.C. § 3663A(b)(1); United States v. Bryant, 2011 WL 3715811, at *17 (3d Cir. Aug. 25, 2011). However, the burden is on the defendant to prove any offsets. See Bryant, supra, at *17. While the defendant has argued that various victims have settled claims in the bankruptcy proceedings relating to the losses they have sustained, he has not established that he himself has made restitution to the victims of his crimes. The fact that a third party may have made payments to a victim does not relieve the defendant of his duty to make payment. See 18 U.S.C. § 3664(f)(b). In such cases, payment is to be made by the defendant to the party responsible for payment to the victim.

Likewise, the fact that the bankruptcy trustee has recovered assets in the amount of $31,852,058.35 does not alter the defendant's responsibility regarding restitution. First, it is not clear how, if, or to what extent victims will receive compensation for losses caused by the defendant from these assets.

---

until notice that Wachovia is no longer functioning in that role.

[2] As discussed above, Wachovia did not settle its claim against the trustee; it withdrew its claim. The settlement was for claims

4

Moreover, as discussed above, any payment to a victim by the trustee would entitle the trustee to recover from the defendant directly.

Therefore, the Court finds that the victims sustained the losses set forth in exhibits 1 and 2 hereto, with the exception regarding the syndicate discussed above, and that these loss amounts represent the amount lost by each victim as a result of the fraudulent activity of the defendant. The victims and their losses shall be identified in the judgment and commitment order.

Accordingly, the Court orders the defendant to make restitution in the amount of $661,324,329.81. The defendant shall be jointly and severally liable for this restitution along with any other persons or entities found to be responsible for the victims' losses, including, but not limited to, co-defendants Andrew J. Murin, Jr., Robert B. Lynn, Jonathan E. Podlucky, and Donald K. Pollinger, as well as Tammy Andreycak, convicted at Criminal No. 08-153. All restitution payments are to be made to the Clerk for the United States District Court for the Western District of Pennsylvania to be divided and forwarded to the victims in an amount proportional to each victim's share of the total loss. To the extent that all victims have been paid in full for their unreimbursed losses, restitution shall then be paid to any third party that has provided compensation to any victim for

---

against Wachovia by the trustee.

the victim's loss.

The Court finds that the defendant does not have the ability to pay interest on the restitution, and therefore, interest is waived pursuant to 18 U.S.C. § 3612(f)(3)(a).

The Court orders the defendant to make restitution payments in the following manner:

The defendant shall, while incarcerated, participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program. The Court further orders that 50 percent of all funds obtained by the defendant while incarcerated shall be applied toward restitution.

The defendant shall pay any restitution balance upon his release in monthly installments of not less than 20 percent of his gross monthly income, with the first payment due 30 days after his release from the Bureau of Prisons.

s/Alan N. Bloch<br>United States District Judge

ecf:   Counsel of record